IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2007 NOV 21  P 3: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| BUFFIE OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAFFLE HOUSE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

CV 1:07CV1033 - TFM

## NOTICE OF REMOVAL

COMES NOW Defendant Waffle House, Inc. ("Waffle House" or "Defendant") and

pursuant to 28 U.S.C. §§ 1332 and 1441, as amended, hereby gives notice of the removal of this

action to the United States District Court for the Middle District of Alabama, Southern Division.

As grounds for this removal, Defendant states as follows:

1.      On November 12, 2007, Plaintiff Buffie Owens ("Plaintiff" or "Owens")

commenced this civil action against Waffle House in the Circuit Court of Houston County,

Alabama, pending as Civil Action No: CV-2007-900150.  The Circuit Court of Houston County

is a state court within this judicial district and division.

2.      Waffle House was served with a copy of the Summons and Complaint on

November, 19, 2007.  A copy of the Summons and Complaint are attached hereto as composite

Exhibit "1".

3.      This notice of removal is timely pursuant to 28 U.S.C. § 1446(b), which provides

in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty
> days after the receipt by the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief upon which such action or

> proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, this notice of removal is timely because it is filed within thirty (30) days of the service of the Summons and Complaint on Waffle House.

4.    This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of the defendants sued under fictitious names shall be disregarded.

> (b)    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

5.    Under 28 U.S.C. § 1332 (a), "[t]he district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— . . . (1) citizens of different States". 28 U.S.C. § 1332(a). Further, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

## DIVERSITY JURISDICTION

6.      According to the Complaint, Plaintiff Owens is a resident and citizen of Houston County, Alabama.    Plaintiff therefore is a citizen of the State of Alabama for diversity jurisdiction purposes.

7.      Defendant Waffle House is a corporation incorporated under the laws of the State of Georgia with its principal place of business in Norcross, Georgia.  Accordingly, Waffle House is a citizen of the State of Georgia for diversity jurisdiction purposes.

8.      Because the Plaintiff is a citizen of the State of Alabama and Defendant is a citizen of the State of Georgia, there is complete diversity of citizenship between the Plaintiff and Defendant in this action.  28 U.S.C. § 1332(a)(2). [1]

## AMOUNT IN CONTROVERSY

9.      Plaintiff has failed to specify in her Complaint any specific dollar amount in the prayer for relief.  Plaintiff does, however, make claims for both compensatory and punitive damages in the Complaint.  (See Exhibit "1", Compl. at 10).

10.     The burden on Defendant is merely to "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000.00] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); but see Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) (abrogating Tapscott on different grounds) (emphasis added); Henry v. Nationwide Ins. Co., 2007 WL 2409817 at *2 (S.D. Ala.); Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003).

---

[1]     Plaintiff also names fictitious defendants in the Complaint.  However, fictitious parties are not considered for determining whether the Court has diversity jurisdiction.  See Harris v. Beaulieu Group, LLC, 394 F. Supp. 2d 1348, 1351 (M.D. Ala. 2005) (citizenship of fictitious parties is due to be disregarded for purposes of removal jurisdiction under 28 U.S.C. § 1441(a)).

11.    Punitive damages, if available, must be considered when determining the jurisdictional amount in controversy in diversity cases. See, e.g., Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) ("[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered."); Bolling v. Union Nat'l Life Insurance Co., 900 F. Supp. 400, 405 n.6 (M.D. Ala. 1995) (citing Holley Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)).  Indeed, a plaintiff's demand for punitive damages may be deemed to satisfy the jurisdictional minimum when it is "possible" for a jury to award that amount in punitive damages under the relevant state's laws. Ryan v. State Farm Mutual Auto. Insurance Co., 934 F.2d 276, 277 (11th Cir. 1991).

12.    The amount in controversy in this action clearly exceeds the sum or value of $75,000.00 exclusive of interest and costs, notwithstanding the fact that the Complaint does not set forth the amount of damages claimed.  It is well settled that an indeterminate complaint, such as the case at hand, "does not show that the case is *not removable*.  It simply does not comment on federal jurisdiction." Robinson v. Quality Ins. Co., 633 F. Supp. 572, 574 (S.D. Ala. 1986) (emphasis original).  In such cases, the court has the "duty to independently determine the propriety of jurisdiction." Id. at 575.  Therefore, it is appropriate for the court to review the allegations in the Complaint, the notice of removal, and any other relevant documents to ascertain jurisdiction.  In the instant case, it is clear that if the allegations of the Complaint are proven, the amount in controversy requirement of $75,000.00 would be satisfied.

13.    In the Complaint, Plaintiff asserts claims of negligence and wantonness and seeks both compensatory and punitive damages.  (See Compl. at ¶ 8)  Plaintiff seeks recovery of the cost of her medical bills to date as well as future medical bills, lost wages and loss of earning

4

capacity, as well as damages for her permanent impairment and disfigurement. (See Compl. at ¶ 10). She also seeks damages for pain and suffering, emotional distress and punitive damages. (See Compl. at ¶ 10). Nowhere in the Complaint does the Plaintiff limit her recovery to less than $75,000.00.

14.    In fact, Plaintiff's counsel has demanded $385,000.00, or more than five times the minimum jurisdictional amount, to settle this matter (See Exhibit "2"). Given the amount of the demand, this demand letter is strong evidence that the amount in controversy exceeds $75,000.00. Burns v. Windsor, 31 F. 3d 1092, 1097 (11th Cir. 1994) ("settlement offer, by itself may not be determinative, [but] it counts for something"); see also, Vermande v. Hyundai Motor America, Inc., 352 F. Supp. 2d 195, 202 (D. Conn. 2004); Archer v. Kelly, 271 F. Supp. 2d 1320, 1322 (N. D. Okla. 2003) (finding that pre-suit demand letter from plaintiff's counsel for an amount exceeding the jurisdictional amount established that amount in controversy requirement was met for diversity jurisdiction and denying motion to remand).

15.    Plaintiff's counsel further represents that "we estimate that the verdict range in [Plaintiff's] case will be between $300,000.00 and $600,000.00." (See Exhibit "2" at 4)   In support of this proposition, Plaintiff's counsel has noted that Plaintiff has had two surgeries, physical therapy, and has been assigned a permanent impairment rating for the injuries she alleges she suffered in the accident at issue. (See Exhibit "2" at 2-4)  Plaintiff's counsel has provided Waffle House with a large volume of documents relating to the damages Plaintiff seeks (See Exhibit "3", A-O), including Plaintiff's medical bills which amount to more than $45,000.00. (See Exhibit "3-L")[2]  These documents were provided to support and substantiate the value which Plaintiff's counsel has assigned to this case. In fact, even the low value assigned

---

[2]    Defendant has filed Exhibits "2" and "3" under seal because they contain medical information related to the Plaintiff. Defendant has also contemporaneously filed a Motion to place these documents under seal.

to the case by Plaintiff's counsel if the case is tried is approximately four times above the amount

needed to meet the minimum requirement to establish diversity jurisdiction.

16.    Moreover, tort actions in Alabama have often resulted in substantial recoveries of

compensatory damages and punitive damages in actions involving similar claims. See, e.g.,

Shiv-Ram, Inc. v. McCaleb, 892 So. 2d 299 (Ala. 2004) (judgment in the amount of $176,

572.82 in compensatory damages and $500,000 in punitive damages upheld in premises liability

action involving claims of negligence and wantonness); Kmart Corp. v. Peak, 757 So. 2d 1138

(Ala. 2000) (judgment upheld in the amount of $100,000 for compensatory damages and

$225,000 for punitive damages in premises liability action involving claims of negligence and

wantonness); Harco Drugs, Inc. v. Holloway, 669 So. 2d 878 (Ala. 1995) (judgment upheld in

the amount of $100,000 for compensatory damages and $150,000 for punitive damages on

plaintiff's claims of negligence and wantonness).

17.    Given the large amount of compensatory and punitive damages potentially

recoverable in cases such as this one, the amount in controversy exceeds $75,000.00.

18.    Copies of all pleadings, process and orders served on Defendant are attached

hereto as Exhibit "4".

19.    A true copy of this notice of removal will be filed with the Clerk of the Circuit

Court of Houston County, Alabama, contemporaneously with the filing of the notice of removal

with this Court as required by 28 U.S.C. § 1446(d) and has been served upon counsel for

Plaintiff.

20.    Waffle House has heretofore sought no similar relief.

21.    Should any question arise as to the propriety of the removal of this action, Waffle

House requests the opportunity to submit a brief and present oral argument in support of its

position that the case is clearly removable under the controlling Supreme Court and Eleventh Circuit authority and this Court's diversity jurisdiction, as defined at 28 U.S.C. § 1332.

   **WHEREFORE**, premises considered, Waffle House, desiring to remove this cause from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama, prays that the filing of this Notice of Removal, the giving of notice to the Circuit Court of Houston County, and the giving of notice to the attorney for the Plaintiff shall effect the removal of said cause to this Court.

Respectfully submitted,



_____
Robert E. Battle (BAT026)
Michael J. Clemmer (CLE029)
Attorneys for Defendant WAFFLE HOUSE, INC.

**OF COUNSEL:**

**BATTLE FLEENOR GREEN**
   **WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: rbattle@bfgwc.com
        mclemmer@bfgwc.com

## CERTIFICATE OF SERVICE

I hereby certify that, I have served a copy of the foregoing pleading via US Mail on:

Rufus R. Smith, Jr.
Rufus R. Smith, Jr. & Associates
P.O. Drawer 6629.
Dothan, Alabama 36302

on this the 21st day of November, 2007.

_____
OF COUNSEL

# EXHIBIT   1

**CERTIFIED MAIL**



CARLA H. WOOD
HOUSTON COUNTY CI
P. O. DRAWER 6406
DOTHAN, ALABAMA 36



7007 1490 0001 9835 0312





UNITED STATES POSTAGE

PITNEY BOWES

02 1M
0004233090    $ 06.11⁰
NOV 13 2007
MAILED FROM ZIP CODE 36303

*Return Receipt Requested*

Waffle House, Inc
5986 Financial Dr.
Norcross, Georgia    30071



RECEIVED
NOV 2007
LEGAL
DEPARTMENT

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>38-CV-2007-900150.00 |
|---|---|---|

### IN THE CIVIL COURT OF HOUSTON, ALABAMA
### BUFFIE OWENS v. WAFFLE HOUSE, INC.

NOTICE TO    WAFFLE HOUSE, INC., 5986 FINANCIAL DRVIE, NORCROSS GA, 30071

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY RUFUS SMITH

WHOSE ADDRESS IS 129 SOUTH SAINT ANDREWS STREET, SUITE 102, DOTHAN AL, 36301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    BUFFIE OWENS
   pursuant to the Alabama Rules of the Civil Procedure

| 11/12/2007 10:15:56 AM | /s CARLA H. WOODALL | S/W |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s RUFUS SMITH |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
|---|---|
| Date | Server's Signature |



ELECTRONICALLY FILED
11/12/2007 10:15 AM
CV-2007-900150.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| BUFFIE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No.: |
| | ) | |

WAFFLE HOUSE, INC; Fictitious Party Defendant A, whether singular or plural,
being that entity or those entities who or which owned, maintained or had any
interest in the premises involved in the occurrence made the basis of this lawsuit;
Fictitious Party Defendant B, whether singular or plural, being that entity or those
entities who or which were the lessor of the premises involved in the occurrence
made the basis of this lawsuit; Fictitious Party Defendant C, whether singular or
plural, being that entity or those entities who or which were the lessee of the
premises involved in the occurrence made the basis of this lawsuit; Fictitious Party
Defendant D, whether singular or plural, being that entity or those entities who or
which controlled and/or had the right to control the premises involved in the
occurrence made the basis of this lawsuit at the time of or at any time before said
occurrence; Fictitious Party Defendant E, whether singular or plural, being that
entity or those entities which or who were charged with the duty to maintain the
blinds/window treatments at Waffle House #407 in Dothan, Alabama, on April 22,
2007; Fictitious Party Defendant F, whether singular or plural, being that entity or
those entities, or that person or persons, who or which installed the blinds/window
treatment at Waffle House #407 in Dothan, Alabama; Fictitious Party Defendant G,
being that entity or those entities or that person or persons that owned, occupied or
maintained the premises made the basis of this lawsuit, that is, Waffle House #407 in
Dothan, Alabama on April 22, 2007; Fictitious Party Defendant H, whether singular
or plural, being that entity or those entities, that person or those persons, other than
those described above, whose breach of contract, breach of warranty, negligence,
wantonness, or other wrongful conduct, contributed to proximately cause the
occurrence made the basis of the Plaintiff's Complaint and/or the Plaintiff's injuries
hereinafter alleged; and Fictitious Party Defendant I, whether singular or plural,
being that entity or those entities, other than those entities described above, which is
the predecessor or successor in interest of any of those entities described above
and/or that were responsible for maintaining the premises made the basis of this
lawsuit in a reasonably safe condition and/or reasonably free from hazard. Plaintiff
avers that the identities of the Fictitious Party Defendants are otherwise unknown to
the Plaintiff at this time or if their names are known to Plaintiff at this time their
identities as proper party defendants are not known to Plaintiff at this time, but
their true names will be substituted by amendment when ascertained,

| | |
|---|---|
| | ) |
| Defendants. | ) |

---

## COMPLAINT

---

### PARTIES

1.     Plaintiff, Buffie Owens, is an unmarried individual and is and was at all times relevant to the allegations made in this Complaint a resident of Dothan, Houston County, Alabama.

2.     Defendant, Waffle House, Inc., is a corporation which is authorized to do business in Dothan, Houston County, Alabama, and which was doing business in Houston County, Alabama on April 22, 2007.

3.     The accident that is the basis of Plaintiff's Complaint occurred at Defendant's restaurant located at 3591 Ross Clark Circle, Dothan, Houston County, Alabama designated as Waffle House #407.

4.     Fictitious Party Defendants A through I, are those persons or entities described in the caption of this Complaint.  Said Fictitious Party Defendants were at all times relevant to the allegations made in this Complaint either residents of Houston County, Alabama and/or doing business in Houston County, Alabama.

### COUNT I

5.     On April 22, 2007, Plaintiff, Buffie Owens, was a business invitee at Waffle House #407 operated by the Defendant, Waffle House, Inc. and/or Fictitious Party Defendants A through I, in Dothan, Houston County, Alabama.  While in said restaurant, as  a business invitee, the Plaintiff, Buffie Owens, was seriously injured when the blinds/window treatments at Waffle House #407 in Dothan, Alabama, became

disengaged from its brackets and fell striking the Plaintiff on the left hand while she was

sitting in a booth.

6.    The defect or instrumentality that proximately caused the Plaintiff's

injuries, that is, the blinds/window treatments and/or their bracket/brackets, were part of

the premises at 3591 Ross Clark Circle, Dothan, Houston County, Alabama.

7.    Plaintiff alleges that  as a defective part of the premises, the Defendants,

Waffle House, Inc. and/or Fictitious Party Defendants A through I, owed a duty to the

Plaintiff, Buffie Owens, to provide ordinary or reasonable maintenance of its premises in

order to meet its duty not to injure its business invitees.

8.    The Defendants, Waffle House, Inc. and/or Fictitious Party Defendants A

through I, breached their duty to the Plaintiff, Buffie Owens, when they negligently

and/or wantonly maintained their blinds/window treatments allowing it to become

disengaged from its brackets and fall on its business invitee customer, Plaintiff herein,

Buffie Owens.

9.    Plaintiff contends that under Alabama Law she need not present evidence

that the Defendants, Waffle House, Inc. and/or Fictitious Party Defendants A through I,

had actual or constructive notice of the defect or instrumentality that proximately caused

her injuries.

10.    As a proximate result of the aforesaid negligent, willful, wanton and/or

wrongful conduct of the above described Defendants including Fictitious Party

Defendants, the Plaintiff, Buffie Owens, suffered the following injuries and damages; to-

wit:

        Plaintiff, Buffie Owens, sustained serious and severe injuries to her
        body.  Plaintiff was caused to undergo medical treatment in and about an

effort to cure her injuries and damages; and, as a result of her injuries will be caused to undergo doctor, hospital and medical treatment in the future. She has suffered and continues to suffer great physical pain and mental anguish and will so suffer in the future; she has been caused to suffer much mental and emotional strain and will so suffer in the future. Plaintiff has been caused to expend great sums of money for doctor, hospital, drug, surgical and therapy treatment in and about an effort to cure her injuries and damages and upon information and belief will be caused to expend great sums of money in future for hospital, doctor, surgical, drug and therapy treatment and is entitled to recover for the same. Plaintiff, Buffie Owens, has been caused to suffer a loss of wages and income as a result of her injuries and her future earning capacity has been diminished as a result of her injuries. Plaintiff has a permanent impairment as a result of her injuries. Plaintiff has been permanently disfigured as a result of her injuries. Plaintiff, Buffie Owens, seeks compensation for all her hereinabove enumerated personal injuries and damages.

**WHEREFORE,** Plaintiff, Buffie Owens, demands judgment against each of the Defendants, including Fictitious Party Defendants, separately and severely, for compensatory and punitive damages in such amount as the jury may assess, plus costs.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr. (SMI060)
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
FAX: (334) 671-7957

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr.
Attorney for Plaintiff

## REQUEST SERVICE BY CERTIFIED MAIL

Plaintiff hereby requests service by certified mail pursuant to Rule 4(c) of the Alabama Rules of Civil Procedure.


/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr.
Attorney for Plaintiff


**SERVE DEFENDANT AT:**
Waffle House, Inc.
5986 Financial Drive
Norcross, Georgia 30071

ELECTRONICALLY FILED
11/12/2007 10:15 AM
CV-2007-900150.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

### IN THE CIRCUIT COURT FOR HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| BUFFIE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No.: |
| | ) | |
| WAFFLE HOUSE, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, WAFFLE HOUSE, INC.

Comes now the Plaintiff in the above styled caused and requests that the

Defendant, Waffle House, Inc., answer the following Interrogatories and Request for

Production of Documents within the time required by the *Alabama Rules of Civil*

*Procedure.* In addition, the Plaintiff requests that this Defendant attach a copy of each

and every document referred to in any of the interrogatories or the Defendant's responses

thereto, or that the Defendant state the date and time that the said documents will be

produced for inspection and copying at the offices of Defendant's attorneys.

NOTE A:    These interrogatories shall be deemed continuing so as to require

supplemental answers upon receipt of additional information by this Defendant or this

Defendant's attorney subsequent to your original response. Any supplemental answers

are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt

of such additional information, but not later than the first day of the trial of this cause.

## **INTERROGATORIES**

1.     Is this Defendant's name correctly stated in the Complaint in this cause?  If not, state the correct way that this Defendant should be designated as a party defendant in any action at law.

2.     State the name, address and telephone number of any and all witnesses or purported witnesses believed or understood by this Defendant to have witnessed the incident of April 22, 2007, or to have knowledge of relevant events leading up to or occurring after said incident.

3.     State the name, addresses and telephone numbers of any and all witnesses or purported witnesses believed or understood by this Defendant to have any information concerning the injury or injuries sustained, or claimed to have been sustained by Plaintiff, including employees of this Defendant.

4.     Describe in detail all acts, actions, activities or movements which, to this Defendant's knowledge, any employee of this Defendant or any other person saw relating to the Plaintiff's activities up to and including the time of the occurrence made the basis of this lawsuit which relate in any way to said occurrence.

5.     Did the Plaintiff at any time make any oral statement concerning the events at issue?  If so, please state:

     A.     When and where the statement was made;

     B.     Specific subject of such statement; and,

     C.     The name, address and telephone number of the person(s) present when the statement was made.

6. State whether this Defendant (its employees or agents), or anyone to this Defendant's knowledge made or submitted any written statement(s) or report(s) of the occurrence made the basis of this lawsuit. If so, state separately and severally, for each statement or report:

    A. The name, employer, job title and present address of the person who made or submitted the statement or report;

    B. The substance and content of the statement or report.

7. At the time of the occurrence of said accident, were there any policies or contracts of insurance which might be legally construed as extending or providing some insurance coverage (whether primary, secondary or excess) to the Defendant for any portion of the damages claimed? If so, as to each such policy or contract, please state the name and address of each insurance company that wrote, issued or stands responsible for any such policy, and the limits of coverage in each category of coverage provided by all such policies.

8. Describe in full detail this Defendant's account of the occurrence made the basis of the Complaint (i.e. how the Plaintiff's accident occurred), include in your response a detailed description of all events which had any bearing on the cause and manner of the occurrence, whether said event occurred before, at the time of, or after the happening of the occurrence.

9. Prior to the accident at issue, did this Defendant or any employee of this Defendant receive any complaint or notice, oral or written, that the blinds/window treatment in the area where Plaintiff was injured, or the brackets that secured said blinds/window treatment, was dangerous,

hazardous, unsafe, defective or inadequate in any manner? If so, please state the name and address of the person making such complaint or giving said notice, the name, address, and job description of the person receiving said complaint or notice, what action was taken as a result, by whom it was done and when it was done.

10.     State whether or not this Defendant has or knows of any photographs and/or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit.

11.     Are the premises involved in the occurrence made the basis of this lawsuit in the same or substantially the same condition that they were on the date of Plaintiff's injury; if not, state what variation has been made to the premises since the date of Plaintiff's injury and state the last date the premises were in the same condition as the date of Plaintiff's injury.

12.     List each and every person or entity who or which to your knowledge and/or to the knowledge of this Defendant had any duty relating to keeping the premises involved in the lawsuit [i.e., the blinds/window treatment and/or their brackets] in a reasonably safe condition or reasonably free from danger on the date of the occurrence made the basis of this lawsuit or prior thereto.

13.     State whether or not this Defendant or any of its agents or employees saw and/or recognized at any time prior to the occurrence made the basis of this lawsuit, any hazard and/or unsafe condition regarding the blinds/window treatments and/or brackets referred to in the Complaint. If so, state in detail:

     A.     The hazard and/or unsafe condition recognized; and,

B. The name, address and job description of the person recognizing said hazard or unsafe condition.

14. Are there any other persons, firms or corporations connected with and/or responsible for the events and acts described in Plaintiff's Complaint? If so, state the full name, address and telephone number of each such person, firm or corporation.

15. Does the Defendant contend that Plaintiff in some manner assumed the risk of injury to herself? If so, please state in detail each fact upon which Defendant bases said contention.

16. Do you and/or this Defendant contend that the Plaintiff by any act or omission whatsoever, caused or contributed to cause the occurrence made the basis of this lawsuit? If so, please state in detail each act or omission by the Plaintiff which it is contended caused or contributed to cause said occurrence.

17. Do you and/or this Defendant contend that any other party by any act or omission whatsoever, caused or contributed to cause the occurrence made the basis of this Complaint? If so, please state in detail each act or omission by any other party which it is contended caused or contributed to cause said occurrence.

18. State the names, addresses, telephone numbers, and occupations of all persons known to you and/or this Defendant, agents of this Defendant, employees of this Defendant, and/or attorneys of this Defendant, who have knowledge of the facts involved in or in any way relevant to the occurrence made the basis of this Complaint, Plaintiffs' claims therein, or this Defendant's defense to

said claims; and, as to each person, state separately and severally the substance of all information or knowledge about the occurrence possessed by such person and whether such person gave any statement or account either oral, written or recorded, of his/her knowledge of the occurrence.

19. State the name(s), addresses and telephone numbers of employees of this Defendant at its Dothan facility on April 22, 2007 at the time of Plaintiff's accident.

20. State whether this Defendant or anyone to this Defendant's knowledge has secured, obtained, or has any knowledge of any signed or unsigned statement or account, whether written, recorded or oral, made by any person, including parties and witnesses, who claim to have any knowledge whatsoever pertaining to the occurrence referred to in the Complaint. If so, state separately and severally:

   A. The name and address of each person from whom that statement or account was obtained;

   B. The name and address of the person who has possession, custody or control of any note, statement or recording regarding the communication;

   C. The nature of the communication, i.e., whether written, recorded, oral, signed or unsigned; and,

   D. The specific subject matter of the communication.

21.   Was an investigation and/or report made by any person or entity, other than

this Defendant, of or pertaining to the occurrence made the basis of this

lawsuit? If so, as to each such investigation and/or report, state:

    A.   The nature of the investigation and/or report;

    B.   The name, job title and business and residence address of the

person(s) who made such investigation and/or report; and,

    C.   The name, job title and business and residence addresses of each

person now in possession, custody and control of any document

reflecting the results of the investigation and/or report.

22.   Prior to the occurrence made the basis of this lawsuit, did this Defendant

instruct any employee of this Defendant with regard to the safety of the

members of the general public or to maintain the building involved and/or

premises involved in the occurrence in a reasonably safe condition or

reasonably free from hazards? If so, please state:

    A.   The name and address of each such person so instructed;

    B.   Describe in detail each and every way in which each person was

instructed; and,

    C.   List any and all safety materials provided by this Defendant to any

employee of this Defendant who worked on the premises involved

in the occurrence at the time that said occurrence or prior thereto.

23.   Prior to the date of the Plaintiff's injury, did any person, firm or corporation

ever conduct any risk analysis or safety inspection with regard to the premises

where the Plaintiff was injured?  If so, for each analysis/inspection, please

state:

    a.    The name and address of the person who conducted the

          analysis/inspection.

    b.    The date or dates of each such analysis/inspection.

    c.    The results or findings of each such analysis/inspection.

## REQUESTS FOR PRODUCTION

1.    Plaintiff requests that the Defendant produce a copy of each and every

document referred to in any of the interrogatories or the Defendant's

responses thereto.

2.    Plaintiff requests that the Defendant produce a copy of each and every

document used or relied on by the Defendant in responding to said

interrogatories.

3.    Plaintiff requests that the Defendant produce a copy of any and all reports

made with regard to the Plaintiff's accident.

4.    Plaintiff requests that the Defendant produce a copy of any and all reports

made within the last five (5) years with regard to accidents on the Defendant's

premises.

5.    Plaintiff requests that the Defendant produce a copy of any and all records

indicating who worked in the Defendant's business on the date of the

Plaintiff's accident and the times during which each such person worked.

6.    Plaintiff requests that the Defendant produce a coy of any and all rules or

procedures of this Defendant concerning the manner and frequency of

inspections of the premises for dangerous and/or hazardous conditions which may exist.

7. Plaintiff requests that the Defendant produce a copy of any and all reports, logs, or other writings indicating whether and when any inspections of the premises for dangerous and/or hazardous conditions were undertaken by this Defendant's personnel on the date of the Plaintiff's accident, on each day for one (1) month prior to Plaintiff's accident, and on each day for one (1) month after Plaintiff's accident.

8. Plaintiff requests that the Defendant produce a copy of any and all medical records, reports, office notes, and any and all other documents of any doctor, hospital, or other medical provider in the possession of or received in the future by this Defendant and/or Defendant's counsel which pertains in any manner to Plaintiff.

9. Plaintiff requests that the Defendant produce a copy of the declarations page(s) from any policies or contracts of insurance which might be legally construed as extending or providing some coverage (whether primary or secondary or excess) to the Defendant for any portion of the damages claims.

10. Plaintiff requests that the Defendant produce a copy of any and all photographs and/or motion pictures of the persons, places and things involved in the occurrence made the basis of this lawsuit.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr. (SMI060)
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
FAX: (334) 671-7957

**SERVE WITH COMPLAINT**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**38-CV-200**<br>Date of Filing:<br>11/12/2007 | ELECTRONICALLY FILED<br>11/12/2007 10:15 AM<br>CV-2007-900150.00<br>CIRCUIT COURT OF<br>HOUSTON COUNTY, ALABAMA<br>CARLA H. WOODALL, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF HOUSTON COUNTY, ALABAMA
### BUFFIE OWENS v. WAFFLE HOUSE, INC.

First Plaintiff:   ☐ Business   ☑ Individual        First Defendant:   ☑ Business   ☐ Individual
                   ☐ Government ☐ Other                                ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture<br>    Appeal/Enforcement of Agency Subpoena/Petition to<br>    Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory<br>    Judgment/Injunction Election Contest/Quiet Title/Sale For<br>    Division
☐ CVUD - Eviction Appeal/Unlawfyul Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM<br>                                            DISTRICT COURT        O ☐ OTHER

              R ☐ REMANDED              T ☐ TRANSFERRED FROM<br>                                            OTHER CIRCUIT COURT   _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   SMI060        11/12/2007 10:06:20 AM        /s RUFUS SMITH

**MEDIATION REQUESTED:**   ☐ Yes   ☐ No   ☑ Undecided

# EXHIBIT 4

**alacourt.com** ™
*The Alabama Trial Court System at your desk*
Moz

Company Name: BATTLE FLEENOR GREEN WINN & CLEMMER LLP    User ID: MCLEMMER    Last login Date: 11/19/2007 Time: 1:11 PM

**Main Menu**

REAL TIME

**Search**
- Party Search
- Case Lookup
- Attorney Search
- Warrant Search
- Witness Search
- DocketSearch
- HotSheet™

**Tracking**
- Attorney Tracker
- Case Monitor
- Name Tracker
- Reminders

**Desktop**
- My Alacourt
- My Attorney

**Administration**
- Update User Info

View Case Summary       Monitor Case       Print Case Action Summary       Print Case

County: 38 - HOUSTON       Case Number: 38-CV-2007-000150.00
Name: BUFFIE OWENS V. WAFFLE HOUSE, INC.
Charge: NEGLIGENCE-GENERAL

**Case**

See Case Detail Record from Alacourt.com version 1.

| Case Information | | Case Type | |
|---|---|---|---|
| County: | **38 - HOUSTON** | Code: | **TONG** |
| Case Number: | CV 2007 900150 00 | Type: | NEGLIGENCE-GENERAL |
| JID: | LKA LARRY K ANDERSON | Track: | |
| Trial: | J | Status: | A ACTIVE |
| Style: | BUFFIE OWENS V. WAFFLE HOUSE, INC. | Plaintiffs: | 001 |
| Filed: | 11/12/2007 | Defendants: | 001 |

| Court Action | | Damages | |
|---|---|---|---|
| DJID: | | Amount: | $0.00 |
| Court Action: | | Compensatory: | |
| Judgment For: | | Punitive: | |
| Trial days: | 0 | General: | |
| | | None: | |

| Other Actions | | | |
|---|---|---|---|
| Cont Date: | Cont #: | why: | |
| RevJmt: | Admin Date: | Why: | |
| Appeal Date: | Court: | Case: | |
| Mistrial: | | TBNV2: | |
| DSDT: | | DTYP: | |

| Comments | |
|---|---|
| Comment 1: | |
| Comment 2: | |

**Settings**

**Parties**

**Consolidated Case Action Summary**

Consolidated Case Action Summary  38BCV200790015000

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/12/2007 | 10:15:56 | EFILE | COMPLAINT E-FILED. | SMI060 |
| 11/12/2007 | 10:16:12 | EFILE | COMPLAINT - SUMMONS | |
| 11/12/2007 | 10:36:38 | FILE | FILED THIS DATE: 11/12/2007 (AV01) | AJA |
| 11/12/2007 | 10:36:39 | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 11/12/2007 | 10:36:40 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 11/12/2007 | 10:36:41 | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 11/12/2007 | 10:36:42 | ASSJ | ASSIGNED TO JUDGE: LARRY K ANDERSON (AV01) | AJA |
| 11/12/2007 | 10:36:43 | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 11/12/2007 | 10:36:45 | PART | OWENS BUFFIE ADDED AS C001 (AV02) | AJA |
| 11/12/2007 | 10:36:46 | ATTY | LISTED AS ATTORNEY FOR C001: SMITH RUFUS R JR | AJA |
| 11/12/2007 | 10:36:50 | PART | WAFFLE HOUSE, INC. ADDED AS D001 (AV02) | AJA |
| 11/12/2007 | 10:36:51 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 11/12/2007 | 10:36:52 | SUMM | CERTIFIED MAI ISSUED: 11/12/2007 TO D001 (AV02) | AJA |
| 11/13/2007 | 11:34:18 | TEXT | SENT S & C CERT MAIL #7007 1490 0001 9635 0312 | STW |

**Images**   38-CV-2007-900150.00

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**38-CV-200**<br>Date of Filing:<br>11/12/2007 | ELECTRONICALLY FILED<br>11/12/2007 10:15 AM<br>CV-2007-900150.00<br>CIRCUIT COURT OF<br>HOUSTON COUNTY, ALABAMA<br>CARLA H. WOODALL, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT OF HOUSTON COUNTY, ALABAMA**
**BUFFIE OWENS v. WAFFLE HOUSE, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT     _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  SMI060     11/12/2007 10:06:20 AM     /s RUFUS SMITH

**MEDIATION REQUESTED:**  ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
11/12/2007 10:15 AM
CV-2007-900150.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| **BUFFIE OWENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.:** |
| | ) | |

**WAFFLE HOUSE, INC; Fictitious Party Defendant A, whether singular or plural, being that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit; Fictitious Party Defendant B, whether singular or plural, being that entity or those entities who or which were the lessor of the premises involved in the occurrence made the basis of this lawsuit; Fictitious Party Defendant C, whether singular or plural, being that entity or those entities who or which were the lessee of the premises involved in the occurrence made the basis of this lawsuit; Fictitious Party Defendant D, whether singular or plural, being that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; Fictitious Party Defendant E, whether singular or plural, being that entity or those entities which or who were charged with the duty to maintain the blinds/window treatments at Waffle House #407 in Dothan, Alabama, on April 22, 2007; Fictitious Party Defendant F, whether singular or plural, being that entity or those entities, or that person or persons, who or which installed the blinds/window treatment at Waffle House #407 in Dothan, Alabama; Fictitious Party Defendant G, being that entity or those entities or that person or persons that owned, occupied or maintained the premises made the basis of this lawsuit, that is, Waffle House #407 in Dothan, Alabama on April 22, 2007; Fictitious Party Defendant H, whether singular or plural, being that entity or those entities, that person or those persons, other than those described above, whose breach of contract, breach of warranty, negligence, wantonness, or other wrongful conduct, contributed to proximately cause the occurrence made the basis of the Plaintiff's Complaint and/or the Plaintiff's injuries hereinafter alleged; and Fictitious Party Defendant I, whether singular or plural, being that entity or those entities, other than those entities described above, which is the predecessor or successor in interest of any of those entities described above and/or that were responsible for maintaining the premises made the basis of this lawsuit in a reasonably safe condition and/or reasonably free from hazard. Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiff at this time or if their names are known to Plaintiff at this time their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained,**

| | | |
|---|---|---|
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

## <u>PARTIES</u>

1.      Plaintiff, Buffie Owens, is an unmarried individual and is and was at all times relevant to the allegations made in this Complaint a resident of Dothan, Houston County, Alabama.

2.      Defendant, Waffle House, Inc., is a corporation which is authorized to do business in Dothan, Houston County, Alabama, and which was doing business in Houston County, Alabama on April 22, 2007.

3.      The accident that is the basis of Plaintiff's Complaint occurred at Defendant's restaurant located at 3591 Ross Clark Circle, Dothan, Houston County, Alabama designated as Waffle House #407.

4.      Fictitious Party Defendants A through I, are those persons or entities described in the caption of this Complaint.  Said Fictitious Party Defendants were at all times relevant to the allegations made in this Complaint either residents of Houston County, Alabama and/or doing business in Houston County, Alabama.

## <u>COUNT I</u>

5.      On April 22, 2007, Plaintiff, Buffie Owens, was a business invitee at Waffle House #407 operated by the Defendant, Waffle House, Inc. and/or Fictitious Party Defendants A through I, in Dothan, Houston County, Alabama.  While in said restaurant, as a business invitee, the Plaintiff, Buffie Owens, was seriously injured when the blinds/window treatments at Waffle House #407 in Dothan, Alabama, became

disengaged from its brackets and fell striking the Plaintiff on the left hand while she was

sitting in a booth.

      6.    The defect or instrumentality that proximately caused the Plaintiff's

injuries, that is, the blinds/window treatments and/or their bracket/brackets, were part of

the premises at 3591 Ross Clark Circle, Dothan, Houston County, Alabama.

      7.    Plaintiff alleges that as a defective part of the premises, the Defendants,

Waffle House, Inc. and/or Fictitious Party Defendants A through I, owed a duty to the

Plaintiff, Buffie Owens, to provide ordinary or reasonable maintenance of its premises in

order to meet its duty not to injure its business invitees.

      8.    The Defendants, Waffle House, Inc. and/or Fictitious Party Defendants A

through I, breached their duty to the Plaintiff, Buffie Owens, when they negligently

and/or wantonly maintained their blinds/window treatments allowing it to become

disengaged from its brackets and fall on its business invitee customer, Plaintiff herein,

Buffie Owens.

      9.    Plaintiff contends that under Alabama Law she need not present evidence

that the Defendants, Waffle House, Inc. and/or Fictitious Party Defendants A through I,

had actual or constructive notice of the defect or instrumentality that proximately caused

her injuries.

      10.    As a proximate result of the aforesaid negligent, willful, wanton and/or

wrongful conduct of the above described Defendants including Fictitious Party

Defendants, the Plaintiff, Buffie Owens, suffered the following injuries and damages; to-

wit:

                Plaintiff, Buffie Owens, sustained serious and severe injuries to her
          body. Plaintiff was caused to undergo medical treatment in and about an

effort to cure her injuries and damages; and, as a result of her injuries will be caused to undergo doctor, hospital and medical treatment in the future. She has suffered and continues to suffer great physical pain and mental anguish and will so suffer in the future; she has been caused to suffer much mental and emotional strain and will so suffer in the future. Plaintiff has been caused to expend great sums of money for doctor, hospital, drug, surgical and therapy treatment in and about an effort to cure her injuries and damages and upon information and belief will be caused to expend great sums of money in future for hospital, doctor, surgical, drug and therapy treatment and is entitled to recover for the same. Plaintiff, Buffie Owens, has been caused to suffer a loss of wages and income as a result of her injuries and her future earning capacity has been diminished as a result of her injuries. Plaintiff has a permanent impairment as a result of her injuries. Plaintiff has been permanently disfigured as a result of her injuries. Plaintiff, Buffie Owens, seeks compensation for all her hereinabove enumerated personal injuries and damages.

**WHEREFORE,** Plaintiff, Buffie Owens, demands judgment against each of the Defendants, including Fictitious Party Defendants, separately and severely, for compensatory and punitive damages in such amount as the jury may assess, plus costs.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr. (SMI060)
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
FAX: (334) 671-7957

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr.
Attorney for Plaintiff

## <u>REQUEST SERVICE BY CERTIFIED MAIL</u>

Plaintiff hereby requests service by certified mail pursuant to Rule 4(c) of the Alabama Rules of Civil Procedure.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr.
Attorney for Plaintiff

**<u>SERVE DEFENDANT AT:</u>**
Waffle House, Inc.
5986 Financial Drive
Norcross, Georgia 30071



ELECTRONICALLY FILED
11/12/2007 10:15 AM
CV-2007-900150.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT FOR HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| BUFFIE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No.: |
| | ) | |
| WAFFLE HOUSE, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, WAFFLE HOUSE, INC.

Comes now the Plaintiff in the above styled caused and requests that the

Defendant, Waffle House, Inc., answer the following Interrogatories and Request for

Production of Documents within the time required by the *Alabama Rules of Civil*

*Procedure.*  In addition, the Plaintiff requests that this Defendant attach a copy of each

and every document referred to in any of the interrogatories or the Defendant's responses

thereto, or that the Defendant state the date and time that the said documents will be

produced for inspection and copying at the offices of Defendant's attorneys.

NOTE A:    These interrogatories shall be deemed continuing so as to require

supplemental answers upon receipt of additional information by this Defendant or this

Defendant's attorney subsequent to your original response.  Any supplemental answers

are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt

of such additional information, but not later than the first day of the trial of this cause.

## INTERROGATORIES

1.  Is this Defendant's name correctly stated in the Complaint in this cause?  If not, state the correct way that this Defendant should be designated as a party defendant in any action at law.

2.  State the name, address and telephone number of any and all witnesses or purported witnesses believed or understood by this Defendant to have witnessed the incident of April 22, 2007, or to have knowledge of relevant events leading up to or occurring after said incident.

3.  State the name, addresses and telephone numbers of any and all witnesses or purported witnesses believed or understood by this Defendant to have any information concerning the injury or injuries sustained, or claimed to have been sustained by Plaintiff, including employees of this Defendant.

4.  Describe in detail all acts, actions, activities or movements which, to this Defendant's knowledge, any employee of this Defendant or any other person saw relating to the Plaintiff's activities up to and including the time of the occurrence made the basis of this lawsuit which relate in any way to said occurrence.

5.  Did the Plaintiff at any time make any oral statement concerning the events at issue?  If so, please state:

    A.  When and where the statement was made;

    B.  Specific subject of such statement; and,

    C.  The name, address and telephone number of the person(s) present when the statement was made.

6. State whether this Defendant (its employees or agents), or anyone to this Defendant's knowledge made or submitted any written statement(s) or report(s) of the occurrence made the basis of this lawsuit. If so, state separately and severally, for each statement or report:

    A. The name, employer, job title and present address of the person who made or submitted the statement or report;

    B. The substance and content of the statement or report.

7. At the time of the occurrence of said accident, were there any policies or contracts of insurance which might be legally construed as extending or providing some insurance coverage (whether primary, secondary or excess) to the Defendant for any portion of the damages claimed? If so, as to each such policy or contract, please state the name and address of each insurance company that wrote, issued or stands responsible for any such policy, and the limits of coverage in each category of coverage provided by all such policies.

8. Describe in full detail this Defendant's account of the occurrence made the basis of the Complaint (i.e. how the Plaintiff's accident occurred), include in your response a detailed description of all events which had any bearing on the cause and manner of the occurrence, whether said event occurred before, at the time of, or after the happening of the occurrence.

9. Prior to the accident at issue, did this Defendant or any employee of this Defendant receive any complaint or notice, oral or written, that the blinds/window treatment in the area where Plaintiff was injured, or the brackets that secured said blinds/window treatment, was dangerous,

hazardous, unsafe, defective or inadequate in any manner?  If so, please state

the name and address of the person making such complaint or giving said

notice, the name, address, and job description of the person receiving said

complaint or notice, what action was taken as a result, by whom it was done

and when it was done.

10.    State whether or not this Defendant has or knows of any photographs and/or

motion pictures of the persons, places or things involved in the occurrence

made the basis of this lawsuit.

11.    Are the premises involved in the occurrence made the basis of this lawsuit in

the same or substantially the same condition that they were on the date of

Plaintiff's injury; if not, state what variation has been made to the premises

since the date of Plaintiff's injury and state the last date the premises were in

the same condition as the date of Plaintiff's injury.

12.    List each and every person or entity who or which to your knowledge and/or

to the knowledge of this Defendant had any duty relating to keeping the

premises involved in the lawsuit [i.e., the blinds/window treatment and/or

their brackets] in a reasonably safe condition or reasonably free from danger

on the date of the occurrence made the basis of this lawsuit or prior thereto.

13.    State whether or not this Defendant or any of its agents or employees saw

and/or recognized at any time prior to the occurrence made the basis of this

lawsuit, any hazard and/or unsafe condition regarding the blinds/window

treatments and/or brackets referred to in the Complaint.  If so, state in detail:

A.    The hazard and/or unsafe condition recognized; and,

B.    The name, address and job description of the person recognizing said hazard or unsafe condition.

14.    Are there any other persons, firms or corporations connected with and/or responsible for the events and acts described in Plaintiff's Complaint? If so, state the full name, address and telephone number of each such person, firm or corporation.

15.    Does the Defendant contend that Plaintiff in some manner assumed the risk of injury to herself? If so, please state in detail each fact upon which Defendant bases said contention.

16.    Do you and/or this Defendant contend that the Plaintiff by any act or omission whatsoever, caused or contributed to cause the occurrence made the basis of this lawsuit? If so, please state in detail each act or omission by the Plaintiff which it is contended caused or contributed to cause said occurrence.

17.    Do you and/or this Defendant contend that any other party by any act or omission whatsoever, caused or contributed to cause the occurrence made the basis of this Complaint? If so, please state in detail each act or omission by any other party which it is contended caused or contributed to cause said occurrence.

18.    State the names, addresses, telephone numbers, and occupations of all persons known to you and/or this Defendant, agents of this Defendant, employees of this Defendant, and/or attorneys of this Defendant, who have knowledge of the facts involved in or in any way relevant to the occurrence made the basis of this Complaint, Plaintiffs' claims therein, or this Defendant's defense to

said claims; and, as to each person, state separately and severally the substance of all information or knowledge about the occurrence possessed by such person and whether such person gave any statement or account either oral, written or recorded, of his/her knowledge of the occurrence.

19. State the name(s), addresses and telephone numbers of employees of this Defendant at its Dothan facility on April 22, 2007 at the time of Plaintiff's accident.

20. State whether this Defendant or anyone to this Defendant's knowledge has secured, obtained, or has any knowledge of any signed or unsigned statement or account, whether written, recorded or oral, made by any person, including parties and witnesses, who claim to have any knowledge whatsoever pertaining to the occurrence referred to in the Complaint. If so, state separately and severally:

    A.    The name and address of each person from whom that statement or account was obtained;

    B.    The name and address of the person who has possession, custody or control of any note, statement or recording regarding the communication;

    C.    The nature of the communication, i.e., whether written, recorded, oral, signed or unsigned; and,

    D.    The specific subject matter of the communication.

21.   Was an investigation and/or report made by any person or entity, other than this Defendant, of or pertaining to the occurrence made the basis of this lawsuit? If so, as to each such investigation and/or report, state:

    A.   The nature of the investigation and/or report;

    B.   The name, job title and business and residence address of the person(s) who made such investigation and/or report; and,

    C.   The name, job title and business and residence addresses of each person now in possession, custody and control of any document reflecting the results of the investigation and/or report.

22.   Prior to the occurrence made the basis of this lawsuit, did this Defendant instruct any employee of this Defendant with regard to the safety of the members of the general public or to maintain the building involved and/or premises involved in the occurrence in a reasonably safe condition or reasonably free from hazards? If so, please state:

    A.   The name and address of each such person so instructed;

    B.   Describe in detail each and every way in which each person was instructed; and,

    C.   List any and all safety materials provided by this Defendant to any employee of this Defendant who worked on the premises involved in the occurrence at the time that said occurrence or prior thereto.

23.   Prior to the date of the Plaintiff's injury, did any person, firm or corporation ever conduct any risk analysis or safety inspection with regard to the premises

where the Plaintiff was injured?  If so, for each analysis/inspection, please

state:

    a.      The name and address of the person who conducted the

            analysis/inspection.

    b.      The date or dates of each such analysis/inspection.

    c.      The results or findings of each such analysis/inspection.

## REQUESTS FOR PRODUCTION

1.     Plaintiff requests that the Defendant produce a copy of each and every document referred to in any of the interrogatories or the Defendant's responses thereto.

2.     Plaintiff requests that the Defendant produce a copy of each and every document used or relied on by the Defendant in responding to said interrogatories.

3.     Plaintiff requests that the Defendant produce a copy of any and all reports made with regard to the Plaintiff's accident.

4.     Plaintiff requests that the Defendant produce a copy of any and all reports made within the last five (5) years with regard to accidents on the Defendant's premises.

5.     Plaintiff requests that the Defendant produce a copy of any and all records indicating who worked in the Defendant's business on the date of the Plaintiff's accident and the times during which each such person worked.

6.     Plaintiff requests that the Defendant produce a coy of any and all rules or procedures of this Defendant concerning the manner and frequency of

inspections of the premises for dangerous and/or hazardous conditions which may exist.

7.     Plaintiff requests that the Defendant produce a copy of any and all reports, logs, or other writings indicating whether and when any inspections of the premises for dangerous and/or hazardous conditions were undertaken by this Defendant's personnel on the date of the Plaintiff's accident, on each day for one (1) month prior to Plaintiff's accident, and on each day for one (1) month after Plaintiff's accident.

8.     Plaintiff requests that the Defendant produce a copy of any and all medical records, reports, office notes, and any and all other documents of any doctor, hospital, or other medical provider in the possession of or received in the future by this Defendant and/or Defendant's counsel which pertains in any manner to Plaintiff.

9.     Plaintiff requests that the Defendant produce a copy of the declarations page(s) from any policies or contracts of insurance which might be legally construed as extending or providing some coverage (whether primary or secondary or excess) to the Defendant for any portion of the damages claims.

10.     Plaintiff requests that the Defendant produce a copy of any and all photographs and/or motion pictures of the persons, places and things involved in the occurrence made the basis of this lawsuit.

/s/Rufus R. Smith, Jr.
Rufus R. Smith, Jr. (SMI060)
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959
FAX: (334) 671-7957

**SERVE WITH COMPLAINT**



ELECTRONICALLY FILED
11/12/2007 10:15 AM
CV-2007-900150.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS<br>-CIVIL-** | |

**IN THE** _____ CIRCUIT _____ **COURT OF** _____ HOUSTON _____ **COUNTY**

**Plaintiff** _____ BUFFIE OWENS _____ **v. Defendant** WAFFLE HOUSE, INC., ET AL.

**NOTICE TO** _____ Waffle House, Inc. 5986 Financial Drive, Norcross, Georgia 30071 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Rufus R. Smith, Jr. _____ WHOSE ADDRESS IS _____ Post Office Drawer 6629, Dothan, Alabama 36302 _____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ]    You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ]    Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____    _____ By: _____
                                         Clerk/Register

[✔]  Certified Mail is hereby requested.    _____ /s/Rufus R. Smith, Jr. _____
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____.
                                                              (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
              (Date)

_____          _____
Date                              Server's Signature

_____          _____
Address of Server                 Type of Process Server

_____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>38-CV-2007-900150.00 |
|---|---|---|

### IN THE CIVIL COURT OF HOUSTON, ALABAMA
### BUFFIE OWENS v. WAFFLE HOUSE, INC.

<u>WAFFLE HOUSE, INC., 5986 FINANCIAL DRVIE, NORCROSS GA, 30071</u>

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY <u>RUFUS SMITH</u>

WHOSE ADDRESS IS <u>129 SOUTH SAINT ANDREWS STREET, SUITE 102, DOTHAN AL, 36301</u>

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of **BUFFIE OWENS**
  pursuant to the Alabama Rules of the Civil Procedure

| <u>11/12/2007 10:15:56 AM</u> | <u>/s CARLA H. WOODALL</u> | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   <u>/s RUFUS SMITH</u>

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date              Server's Signature

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001254
Cashier ID: benrobi
Transaction Date: 11/26/2007
Payer Name: BATTLE FLEENOR GREEN WINN
------------------------------------
CIVIL FILING FEE
 For: BATTLE FLEENOR GREEN WINN
 Case/Party: D-ALM-1-07-CV-001033-001
 Amount:          $350.00
------------------------------------
CHECK
 Check/Money Order Num: 7057
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

OWENS V. WAFFLE HOUSE
```