IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BUFFIE OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV 1:07CV1033-TFM |
| WAFFLE HOUSE, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF WAFFLE HOUSE, INC. TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Waffle House, Inc. ("Defendant") and answers the Complaint filed by plaintiff Buffie Owens ("Plaintiff"), as follows:

To the specific numbered paragraphs of the complaint, Defendant answers as follows:

### PARTIES

1. Upon information and belief, Defendant admits that Plaintiff is a resident of Houston County, Alabama. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 1 of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. To the extent the allegations of Paragraph 4 require a response, Defendant denies the same.

## COUNT I

5. Upon information and belief, Defendant admits that on April 22, 2007, Plaintiff was present at Waffle House Unit # 407 located in Houston County, Alabama which is operated by Defendant. Upon information and belief, Defendant further admits that Plaintiff was injured when some window blinds fell on her left hand. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 5, and therefore denies the same and demands strict proof thereof.

6. Defendant admits that the window blinds at issue were on the premises of Unit #407. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint and demands strict proof thereof.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant denies the averments of the unnumbered paragraph following Paragraph 10 beginning with "Wherefore" and demands strict proof thereof. Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads the general issue.

### THIRD DEFENSE

To the extent not specifically admitted or denied above, Defendant denies each and every material allegation of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Plaintiff's claims are barred by assumption of the risk.

### FIFTH DEFENSE

Plaintiff's claims are barred by contributory negligence and/or because the incident at issue was caused by an open and obvious danger.

### SIXTH DEFENSE

Plaintiff is not entitled to recover from Defendant because her damages, if any, were not caused by any act or omission of Defendant, or, in the alternative, were caused by acts or omissions of others for which Defendant had no responsibility.

### SEVENTH DEFENSE

Defendant did not breach any duty or obligation allegedly owed to Plaintiff.

### EIGHTH DEFENSE

To the extent that Plaintiff seeks punitive damages, Defendant denies that it has been guilty of any conduct that entitles Plaintiff to recover punitive damages.

## NINTH DEFENSE

Any claims for punitive damages against Defendant are barred by ALABAMA CODE § 6-11-20, 6-11-21, 6-11-27, and by the United States Constitution and by the Alabama Constitution.

Defendant reserves the right to raise other defenses after conducting discovery and investigating the facts and circumstances of this case and to adopt defenses raised by any other defendant added to this lawsuit.

Respectfully submitted,

_____
Robert E. Battle (BAT026)
Michael J. Clemmer (CLE029)
Attorneys for Defendant WAFFLE HOUSE, INC.

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
  WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: rbattle@bfgwc.com
       mclemmer@bfgwc.com

## CERTIFICATE OF SERVICE

I hereby certify that, I have served a copy of the foregoing pleading via US Mail on:

Rufus R. Smith, Jr.
Rufus R. Smith, Jr. & Associates
P.O. Drawer 6629.
Dothan, Alabama 36302

on this the 21st day of November, 2007.

_____
OF COUNSEL